**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **DAVID WARMACK** | : | **Case No. 1:16cv1050** |
| **9761 Overview Ln.** | : | |
| **Cincinnati, OH 45231** | : | **Judge** |
| | : | |
| **vs.** | : | |
| | : | |
| **UNIVERSITY OF CINCINNATI** | : | |
| **2600 Clifton Ave.** | : | |
| **Cincinnati, OH 45220** | : | |
| | : | |
| **and** | : | |
| | : | |
| **RICK KOCH** | : | |
| **2600 Clifton Ave.** | : | |
| **Cincinnati, OH 45220** | : | |
| | : | |

_____

**COMPLAINT AND JURY DEMAND**
_____

Plaintiff David Warmack, for his Complaint against the University of Cincinnati and Rick Koch, states as follows:

### I.    PRELIMINARY STATEMENT

1. This is a civil rights action, brought by David Warmack, who was subjected to a hostile work environment at the University of Cincinnati on account of his race and has been retaliated against by his supervisor Rick Koch.

2. Mr. Warmack brings this action to remedy violations of the Equal Protection Clause of the 14th Amendment of the United States Constitution; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. which prohibits employment discrimination because of race and retaliation for protesting such discrimination;

and 42 U.S.C. § 1981 which prohibits discrimination against individuals due to their race in the making and enforcement of contracts.

3.  Mr. Warmack seeks relief in the form of an injunction ordering UC to reinstate him to his prior position and status within his department, an award of compensatory damages for his economic and non-economic injuries, punitive damages against Mr. Koch; payment of his reasonable attorney's fees and costs associated with the prosecution of this matter; and all other relief in law and equity to which he is entitled.

## II.    JURISDICTION

4.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1983.

5.  Venue in this Court is appropriate because the actions out of which these claims arose occurred within the Southern District of Ohio.

## III.    PARTIES

6.  Plaintiff, David Warmack, is an African American and a United States citizen who resides in Hamilton County, Ohio.  Plaintiff is currently employed as a Coordinator of Building Services in the College of Engineering and Applied Sciences ("CEAS") at the University of Cincinnati.

7.  Defendant, the University of Cincinnati ("UC"), is a state institution of higher education organized under the laws of the state of Ohio.

8.  Defendant, Rick Koch, was at all pertinent times hereto Mr. Warmack's immediate supervisor in the CEAS.  Mr. Koch is being sued in his individual and official capacities.

## IV. ADMINISTRATIVE HISTORY

9.     On or about March 3, 2016, Mr. Warmack filed a Charge of Discrimination (#473-2016-00505) against UC with the Equal Opportunity Commission ("EEOC") alleging that he had been subjected to discrimination on account of his race and retaliation. (Exhibit A, attached hereto).

10.    On or about August 10, 2016, the EEOC issued a Notice of Right to Sue in connection with the aforementioned charge of discrimination. (Exhibit B, attached hereto).

11.    Mr. Warmack is filing this complaint within 90 days of his receipt of the Notice of Right to Sue in accordance with the jurisdictional requirements of 42 USC § 2000e et seq.

## V. STATEMENT OF THE CASE

### Hostile Work Environment

12.    On or about July 28, 2015, a Caucasian campus police officer employed by UC shot and killed an African American motorist whom he had stopped and questioned ostensibly because of a minor traffic infraction. The following day UC cancelled classes and according to news accounts made preparation for possible riots on the University's campus.

13.    On or about August 20, 2015, Mr. Warmack was a recipient of an email exchange between Mr. Koch and Eugene Rutz, an Academic Director at CEAS. Both Mr. Rutz and Mr. Koch are Caucasian. The text of the email contained, in pertinent part, the following statement: "I hate niggers, was not able to get in."

14.    After reading the aforementioned email, Mr. Warmack was emotionally shaken. He immediately registered an internal complaint with UC's Office of Equal

3

Opportunity and Access ("OEOA") which then initiated an investigation to determine the source of and motivation behind the subject email.

15.    Ultimately, OEOA concluded that the creation of the offensive email was not the result of an intentional act of racial animosity on the part of Mr. Rutz; rather, OEOA determined that the email was prepared and forwarded as part of a prank by some unknown individual(s) who had gained access to Mr. Rutz's iPad and apparently altered the short cut/auto correct setting on the device to substitute the word "he" with the phrase "I hate niggers."

16.    Even though OEOA found that Mr. Rutz was not personally responsible for intentionally forwarding the email, UC's response to the incident was to issue a written reprimand to Mr. Rutz for violating university policy prohibiting discrimination on campus. UC further directed Mr. Rutz to issue a letter of apology to the recipients of the email, including Mr. Warmack. Finally UC mandated that CEAS management and staff participate in a diversity training course.

17.    To the best of Mr. Warmack's present information and belief, OEOA never identified the individual responsible for the subject emails, nor did the investigators determine the manner or means by which any individual(s) allegedly gained access to Mr Rutz's device without his knowledge or consent. Adding to OEOA's failures in this regard is the fact that OEOA took no reasonable efforts to alert members of the campus community of the incident or to suggest or describe methods by which future such incidents could be avoided or prevented by, for example, integrating password protections onto all email devices or encouraging the use of strict precautions by faculty, staff, and students in sharing or allowing access to their electronic communication devices.

18.   Moreover, even though one of the parties to the August 20, 2015, email was Mr. Koch, UC took no corrective or disciplinary action against him for failing to initiate such corrective or disciplinary measures as are expected of university officials holding Mr. Koch's level of institutional responsibility and authority in the face of such egregious forms of discrimination and unprofessional conduct.

19.   Given the context, timing, and blatantly offensive nature of Mr. Rutz's email, UC's response to Mr. Warmack's complaint was neither adequate nor reasonably calculated to remedy the hostile work environment created by his email or to prevent further instances of racial harassment of Mr. Warmack or any other African American member of the campus community.

20.   The acts or omissions of UC in failing to conduct a reasonable and responsible investigation into the circumstances surrounding the creation or dissemination of Mr. Rutz's email were committed or omitted maliciously and purposely with a deliberate or callous indifference to the right of Mr. Warmack to be free from a hostile and offensive work environment on account of his race.

21.   As a direct and proximate result of UC's actions, as previously described, Mr. Warmack has suffered and will continue to suffer economic and non-economic injuries in the form of medical bills, severe psychological pain and suffering and emotional distress.

## RETALIATION

22.   Because Mr. Warmack was suffering severe emotional distress as a result of the hostile environment created by UC, he was advised by his physician to take a medical leave of absence.

5

23. During Mr. Warmack's absence, Mr. Koch took measures to marginalize and reduce Mr. Warmack's responsibilities and scope of authority as a Coordinator of Building Services. More particularly, Mr. Koch assigned a newly appointed employee to oversee many of the duties that had been the responsibility of Mr. Warmack prior to his leave. Since Mr. Warmack's return to work, Mr. Koch has not restored Mr. Warmack's authority and responsibilities to what they were before he took medical leave.

24. Mr. Koch informed Mr. Warmack that he had reduced his duties and level of authority because Mr. Koch "lost confidence" in Mr. Warmack when he had complained about Mr. Rutz's email directly to OEOA and not to him and then asked for a leave of absence on account of it.

25. As a direct and proximate result of Mr. Koch's actions taken in the manner and for the reasons previously described, Mr. Warmack suffered and continues to suffer emotional distress and damage to his professional reputation.

## VI.    STATEMENT OF CLAIMS

### Count One – Race Discrimination (42 U.S.C. § 2000e-2)

26. Plaintiff repeats and incorporates by reference paragraphs one through twenty-five.

27. Plaintiff was subjected to unwelcome harassment on the basis of his race.

28. The harassment was sufficiently severe to affect a term, condition, or privilege of employment.

29.  UC was aware of the harassment and failed to take appropriate corrective action.

30. As a result of UC's actions, Mr. Warmack suffered damages, including lost wages and emotional distress.

## Count Two – Retaliation (42 U.S.C. § 2000e-3)

31.   Plaintiff repeats and incorporates by reference paragraphs one through thirty.

32.   Plaintiff engaged in protected activity when he complained about racial discrimination.

33.   UC was aware of Mr. Warmack's opposition.

34.   UC took adverse action against Mr. Warmack after he complained of racial discrimination, demoting him and by creating a hostile work environment.

35.   There is a causal connection between Mr. Warmack's complaints of racial discrimination and the adverse action UC took against him.

36.   As a result of UC's actions, Mr. Warmack suffered damages, including lost wages and emotional distress.

## Count Three – Retaliation (42 U.S.C. § 1981)

37.   Plaintiff repeats and incorporates by reference paragraphs one through thirty-six.

38.   Plaintiff engaged in protected activity when he complained about racial discrimination.

39.   Defendant Rick Koch was aware of Mr. Warmack's opposition.

40.   Defendant Rick Koch took adverse action against Mr. Warmack after he complained of racial discrimination, demoting him and by creating a hostile work environment.

41.   There is a causal connection between Mr. Warmack's complaints of racial discrimination and the adverse action Defendant Rick Koch took against him.

42.   As a result of Defendant Rick Koch's actions, Mr. Warmack suffered damages, including lost wages and emotional distress.

43.     Defendant Rick Koch acted with malice and a conscious indifference to Mr. Warmack's federally-protected rights.

## PRAYER FOR RELIEF

Wherefore Plaintiff David Warmack demands judgment against Defendants, the University of Cincinnati and Rick Koch, jointly and severally, as follows:

    a.  A judgment for compensatory damages for Mr. Warmack's economic injuries in an amount to be determined at trial.

    b.  A judgment for compensatory damages for Mr. Warmack's non-economic injuries in an amount to be determined at trial.

    d.  A judgment against Rick Koch for punitive damages in an amount to be determined at trial.

    e.  A judgment for an award of Mr. Warmack's reasonable attorney fees and costs in this matter; and

    f.  An award for such other relief, in law or in equity, which is appropriate under the premises.


Respectfully submitted,

MEZIBOV BUTLER

*/s/Marc D. Mezibov*_____
Marc D. Mezibov (OH No. 0019316)
Brian J. Butler (OH No. 008265)
615 Elsinore Place, Suite 105
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
mmezibov@mezibov.com
bbutler@mezibov.com

*Attorneys for Plaintiff David Warmack*

## JURY DEMAND

Plaintiff David Warmack demands a jury trial to resolve all issues of fact related to his Complaint.

/s/Marc D. Mezibov_____
Marc D. Mezibov (Ohio No. 0019316)